PER CUR.    Let a *procedendo* issue.

SMITH, J., dissenting.

## DEN, EX DEM. ELY, v. JONES AND CAMPBELL.

Where a witness is proved to have been once interested, though only by his own confession, the disability cannot be removed by his further swearing such interest is at an end.

On the trial of this cause at bar, one Ely was offered as a witness on behalf of the plaintiff. Being interrogated on his *voir dire*, he acknowledged he had once entered into an obligation by which he bound himself to defray half the expenses [47] of this action. He stated, further, that he never had contributed anything for this purpose, except a French crown, which had been repaid him, and that he did not expect to gain or lose by the event of the suit. The obligation which was given to him, it had been agreed to cancel, but he could not say whether it was still in existence or not.

*Leake* contended that though the witness had once been interested, the disability was now removed, and that the witness himself was competent to prove the disability to have terminated. *Buller* 284 ; *Abrahams* v. *Bunn,* 4 *Burr.* 2251.

*Stockton,* contra.

When once the interest of a witness is proved, he cannot be restored to his competency without producing a release. It is not sufficient that he has been satisfied. 2 *Atkyns* 15.

PER CURIAM. One of the first principles in the law of evidence is, that the witness must be disinterested. If this be doubtful, the objection should go only to his credit. In this case, he has acknowledged that he was at one period interested in the event of the suit, and this fact being established, he must prove by testimony of a higher nature than such as is furnished in this case, resting on conjecture and belief, that the disability was removed. (*a*)

A bill of exceptions was prayed but afterwards waived.

(*a*) If on the *voir dire* the witness admits he was interested, he may in the same manner prove facts showing his interest has been destroyed, though other evidence of it exists. But if his interest is established by other proof, then the best evidence will be required to restore his competency. See *Butcher's Company* v. *Jones,* 1 *Esp. Rep.* 160; *Botham* v. *Swingler, Ib.* 164; *Peake N. P.* 218; *S. C.,* cited in 2 *Bac. Ab.* 584, (*Wilson's Edit.*)